Cyrus W. Vaughn, Jr., et al., Plaintiffs-Appellees, v. Commissary Realty, Inc., a Corporation, Defendant-Appellant.

Gen. No. 10,340.

Third District.

May 16, 1961.

Thomas, Mulliken & Mamer, of Champaign, for appellant.

Busch, Harrington & Porter, of Champaign, for appellees.

CARROLL, PRESIDING JUSTICE.

This is an action on a written guaranty agreement executed by defendant, Commissary Realty, Inc., a corporation.

The complaint alleges in substance that on or about February 11, 1957, the plaintiffs and defendant entered into a written lease whereby plaintiffs leased to defendant certain real estate in Champaign, Illinois, for ten years, at an annual rental of $2,900, payable in monthly installments of $362.50 for the months of April through November of each year; that certain assignments of said lease dated April 9, 1957, and April 25, 1957, were made by defendant; that prior to such assignments and on or about February 20, 1957, defendant made and delivered to the plaintiffs, a written agreement designated as a guaranty; that said guaranty reads as follows:

> "Guarantee of a Land and Building Lease made by and between Commissary Realty, Inc., an Ohio Corporation of Wooster, Ohio, and Cyrus W. Vaughn and Maxine Vaughn, husband & wife of Champaign, Illinois dated the 11th day of February 1957, covering the premises situated at Lot Two (2) of Industrial addition to the City of Champaign, situated in the City of Champaign, and State of Illinois,
>
> which said premises are more particularly described in said Lease.

297

Whereas, Commissary Realty, Inc., under the terms of the lease above referred to, is not liable for any default in rental payments by an assignee of said lease, and

Whereas, Commissary Realty, Inc., is willing in this instance to enter into a Guaranty Agreement.

Now, Therefore, Commissary Realty, Inc., does hereby agree and warrant for a period of four (4) years from this date, that should any assignee default for more than thirty (30) days in the payment of rent to Lessor, Commissary Realty, Inc. will either exercise the re-assignment provisions as set forth in Article 17, of the Lease and thus cause the rental to be paid to Lessor, or will terminate and cancel the said Lease by paying Lessor in accordance with the following provisions:

(a) Upon paying Lessor the sum of Eight Thousand Dollars ($8,000.00) if cancellation occurs within one year from the date hereof.

(b) Upon paying the Lessor the sum of Six Thousand Dollars ($6,000.00) if cancellation occurs in the period commencing one year and expiring two years from the date hereof.

(c) Upon paying Lessor the sum of Four Thousand Dollars ($4,000.00) if cancellation occurs in the period commencing two years and expiring three years from the date hereof.

(d) Upon paying Lessor the sum of Two Thousand Dollars ($2,000.00) if cancellation occurs in the period commencing three years and expiring four years from the date hereof.

In Witness Whereof, Commissary Realty, Inc. has hereto set its hand and seal this 20th day of February, 1957.

Witnesseth:
s/ Joan Y. Arndt
s/ H. C. Arndt

Accepted and Agreed to:
s/ Cyrus W. Vaughn, Jr. Commissary Realty, Inc.

| Lessor | BY: |
| --- | --- |
| s/ Maxine Vaughn | s/ Robert Critchfield |
| | President.";|
| Lessor | |

that default in payment of the rent reserved under the lease has been made; that the rent in default exceeds $2,000.00; that in accordance with the said lease, plaintiffs on April 30, 1959, gave defendant notice of such default; that defendant nor any of the assignees have paid the rent in default, and that defendant has failed and refused to pay plaintiffs the sum of $4,000.-00 as provided in its guaranty agreement. Judgment in the amount of $4,000.00 was prayed. Copies of the lease, assignments and the guaranty are attached to the complaint. The lease is on defendant's printed form and Paragraph 16 thereof reads as follows:

"16. This lease shall be an assignable lease, assignable to Commissary Corporation and by it only to the Franchised dealers of Dairy Isle stores (except as provided in Article 20, herein), and upon such assignments and the delivery of a copy of the assignment and assumption agreement by such Dairy Isle dealer of all the terms, conditions, agreements and covenants on the part of the as-

299

signee to be performed, the Lessee herein and Commissary Corporation shall be free and released from any and all further obligations. . . .";

that as a part of the printed lease there is an executed agreement form which reads as follows:

"For a valuable consideration, COMMISSARY REALTY, INC. does hereby assign, transfer and convey to COMMISSARY CORPORATION all of its right, title and interest in and to the foregoing lease subject to the terms, covenants and conditions therein contained.

COMMISSARY REALTY, INC.

C. S. SHANK

Vice President"

This agreement is undated and apparently was executed by the defendant at the time its officer signed the lease.

Defendant moved to dismiss the complaint on the ground that it fails to allege the giving of immediate notice to defendant of default in payment of rent and that, therefore, defendant was released from its obligation. The motion to dismiss was denied and thereupon defendant filed an answer alleging as affirmative defenses that defendant, Commissary Realty, Inc. was a separate corporation from Commissary Corporation; that the latter had made successive assignments of the lease; that on January 29, 1957, the defendant had assigned all of its interest in the lease to Commissary Corporation, which then became the lessee; that the guaranty agreement was executed without consideration and therefore void and that notice of default in the terms of the lease was not given. These affirmative defenses were denied by plaintiffs. The issues thus joined were submitted to the Court for de-

termination and resulted in judgment in favor of plaintiffs for $4,000.00 and costs of suit. Defendant filed a motion for a re-hearing and modification of judgment and upon denial thereof it perfected this appeal.

As grounds for reversal defendant contends there was no consideration for the guaranty agreement, and that failure of plaintiffs to give defendant notice of the tenant's default within the time specified in the guaranty was a complete defense to plaintiffs' suit.

Defendant argues that the guaranty was without consideration because it was released from liability under the lease by virtue of Paragraph 16 thereof, which recites that upon assignment of the lease to a Dairy Isle dealer both defendant and Commissary Corporation were released from any and all future obligations under the lease and that since the guaranty agreement bears date subsequent to that appearing on the lease the consideration for the latter did not support the guaranty undertaking.

Such argument overlooks the fact that plaintiffs' action is upon the guaranty agreement and not upon the lease. As clearly indicated by its preamble, the agreement was executed by the defendant as a part of its lease transaction with plaintiffs and the occasion for its execution was the fact that under the terms of the lease defendant was not liable for default in rental by assignees. In effect, the guaranty agreement recites that because under the lease executed with plaintiffs, the defendant is not liable for any default by an assignee of the lease, it agrees to guarantee performance of such lease to the extent specified in said agreement.

The Secretary of the defendant company, who also was the President of Commissary Corporation, testified that defendant was engaged in leasing locations for Dairy Isle stores; that leases for such stores are taken in the name of the defendant company; that

301

defendant takes the leases and immediately assigns the same to Commissary Corporation as a routine practice; that defendant's standard guaranty agreement was submitted with the lease to prospective lessors; that the lease and guaranty in question had been submitted by plaintiffs; and that prospective lessors were given a booklet explaining the use of the guaranty agreement.

 It is apparent from the record that the lease although dated February 11, 1957, was signed and acknowledged by defendant's vice president on January 29, 1957. The terms of the lease were for ten years beginning January 1, 1957 and ending December 31, 1966, with rental and occupancy to commence April 1, 1957. It further appears plaintiffs executed the lease on February 11, 1957. We think the evidence showing as it does that the lease was signed by defendant's vice president on January 29, 1957; and that defendant signed its guaranty on February 20, 1957, warrants no conclusion other than that the lease and guaranty agreement were part of a single transaction in which defendant procured a lease for plaintiffs' premises and plaintiffs were given an agreement guaranteeing the rent reserved under said lease. Accordingly we cannot agree with defendant's contention that the guaranty was made after the execution of the lease and was without any independent consideration. Contrary to such contention, the record appears to convincingly demonstrate that the guaranty was made simultaneously with the lease. It is the law that in such situations the consideration for the lease affords sufficient consideration for the guaranty. I.L.P. Guaranty Sec. 15; Getz v. Thomson and Burton Co. 178 Ill. App. 639.

We think the fact that the guaranty agreement bears a date which is nine days after that appearing in the lease is without significance. There is no evidence in

the record indicating any separate negotiations between the parties concerning the guaranty agreement. If any took place, then we must assume that defendant would have produced evidence as to the same.

■ Under the terms of the guaranty, the defendant unconditionally agreed that if during a period of 4 years from its date, any assignee defaulted in payment of rent for more than 30 days, it would either cause the rent to be paid by exercising its reassignment privilege or cancel the lease by paying the amount specified in the guaranty agreement. It is undisputed that an assignee of the lease defaulted in payment of rent for more than 30 days and that defendant did not fulfill its obligation under the terms of the guaranty agreement. Accordingly there is no merit in defendant's contention that plaintiffs' failure to promptly notify defendant of a default constitutes a complete defense to plaintiffs' action. The terms of the guaranty are unconditional and it contains no provision for notice to defendants of such default. It was defendant's duty to see that the rent was paid.

From our examination of this record, we are convinced that the trial court correctly resolved the issues presented by the pleadings and its judgment will be affirmed.

Affirmed.

REYNOLDS and ROETH, JJ., concur.